t Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

Edwin C. Walker, Acting Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Barbara D. Kocher, Assis-
tant United States Attorney, Michael D. Bredenberg, Special Assis-
tant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See
Local Rule 36(c).

_____

OPINION

PER CURIAM:

William J. Blohm appeals from the district court's order
declining
to release him from the custody of the Attorney General pursuant
to
18 U.S.C. S 4247(h) (1994). Blohm was originally committed under
18 U.S.C. S 4246 (1994), in 1986 when the district court found
that
he was "presently suffering from a mental disease or defect as a
result
of which his release would create a substantial risk of bodily
injury
to another person or serious damage to property of another." 18
U.S.C. S 4246(d). In order for Blohm to obtain his release
following
that finding, the district court must find, by a preponderance of
the
evidence, that he has recovered from his mental disease or defect
to
such an extent that his release would no longer create a
substantial
risk of harm to others. See 18 U.S.C. S 4246(e). The district
court's
finding will not be overturned on appeal unless it is clearly
erroneous.
See United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992).

Blohm concedes that he suffers from a long-standing mental ill-
ness, but he argues that there is no evidence to support a
finding that
he presents a substantial risk of harm to others because he has
never
exhibited any violent behavior, nor has he ever acted on any of
his
threats. However, "[o]vert acts of violence are not required to
demon-
strate dangerousness." United States v. S.A. , 129 F.3d 995, 1001
(8th

Cir. 1997) (citing United States v. Ecker, 30 F.3d 966, 970 (8th Cir. 1994)); see also United States v. Steil, 916 F.2d 485, 487-88 (8th Cir. 1990) (holding that delusions and threats were enough to prove dangerousness even though defendant never had the opportunity to act on them).

Moreover, both Blohm's treating physicians at FCI-Butner and an independent psychiatrist appointed to evaluate him concluded that Blohm continues to meet the criteria for commitment under S 4246. There is no medical opinion to the contrary in the record.

2

Because we do not find that the district court's conclusions were clearly erroneous, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                          No. 99-4497

RANDOLPH E. DAWSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-99-88)

Argued: April 4, 2000

Decided: May 19, 2000

Before WILKINSON, Chief Judge, TRAXLER, Circuit Judge,
and Roger J. MINER, Senior Circuit Judge of the
United States Court of Appeals for the Second Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

ARGUED: Dale Warren Dover, Alexandria, Virginia, for Appellant.

Andrew L. Snowdon, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. ON BRIEF: Helen F. Fahey, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See
Local Rule 36(c).

_____

OPINION

PER CURIAM:

Randolph Dawson appeals from a judgment of conviction entered
in the district court on one count of operating a motor vehicle
after
having been declared an habitual offender in violation of 18
U.S.C.
S 13, assimilating Va. Code S 46.2-357(B)(3). On the night of
January
25, 1999, Dawson drove a vehicle onto the U.S. Marine Corps Base
in Quantico, Virginia and could not produce a driver's license
when
asked to do so at the gate. He was arrested after the gatekeeper
ran
a Virginia Criminal Information Network check that showed Daw-
son's license had been revoked and that he had two previous
convic-
tions in Virginia for driving on a suspended license.

On May 5, 1999, a bench trial was held in the district court. The
evidence at trial showed that Dawson had been adjudicated an
habit-
ual offender by order of the Circuit Court of Fairfax County,
Virginia
dated May 21, 1992, and that his license to drive had been
revoked
pursuant to S 46.2-355 of the Virginia Code. The revocation came
after several convictions for driving under the influence of
alcohol,
the last one arising from a January 1992 incident that led to
Dawson's
conviction for "Driving While Intoxicated, 3rd Offense within 5
years." The evidence also showed that since losing his license,
Daw-
son had pled guilty on two occasions to driving on a suspended
license, once in the General District Court of Prince William
County
on February 13, 1995 and again in the General District Court of
Fair-

fax County on March 31, 1995. Based on these facts, the court found
Dawson guilty of one count of "Unlawful Operation of a Motor Vehi-
cle While a[n] Habitual Offender," in violation of 18 U.S.C. S 13,
assimilating Va. Code S 46.2-357(B)(3).

The district court continued the case for sentencing until July 2,
1999, pending completion of the presentencing investigation and
report. On that date, Dawson asserted that his conviction had been

2

rendered a nullity by the July 1, 1999 legislative repeal of the adjudi-
cation provisions of the Virginia Habitual Offender Act, Va. Code
SS 46.2-351 through 46.2-355. The government opposed the motion
to set aside the conviction on the ground that only the adjudication
provisions, but not the enforcement provision, of the habitual offender
statute had been done away with under the new law. The court found
that the legislature had made administrative and procedural changes
to the law governing serious traffic offenses, but that the "underlying
substantive offense" with which Dawson was charged "still [wa]s on
the books." The court therefore imposed a sentence of eighteen
months in prison, three years supervised release and a $100 special
assessment. This appeal followed.

We review questions of statutory construction de novo. See United
Mine Workers v. Martinka Coal Co., 202 F.3d 717, 720 (4th Cir.
2000). Dawson likens his case to that of the defendants in United
States v. Chambers, 291 U.S. 217 (1934). There, the indictments
under the National Prohibition Act were dismissed after passage of
the Twenty-First Amendment, on the basis of the rule that criminal
prosecutions must be halted when their underlying law has lost its
force. See id. at 222-23. We find that argument unpersuasive here. An
examination of Chapter 945 of the Virginia Acts of Assembly, 1999
-- entitled "An Act to amend and reenact [fourteen subsections] of
the Code of Virginia, to amend the Code of Virginia by adding a sec-
tion numbered 46.2-355.1, and to repeal SS 46.2-351 through 46.2-
355 of the Code of Virginia, relating to habitual offenders; penalty"
(hereinafter, "the Act") -- shows that Chambers is inapposite. Even
though the Act puts an end to new convictions for the crime of being
an "habitual offender," the law evinces no intent to deprive the state
of its enforcement power to penalize those who had already been

adjudged habitual offenders prior to its enactment.

Section 46.2-357, the enforcement section of the old habitual offender statute, is hardly changed, having acquired in its definitional
subsectio